IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 3:10-cr-00126-JO-2 |
| v. | ) | |
| TRAVIS LEE OLES, | ) | OPINION AND ORDER |
| Defendant. | ) | |

JONES, J.

Defendant Travis Lee Oles (Oles) moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 52. He requests that his sentence be reduced to time served with a period of home confinement. Oles asserts that his medical conditions make him particularly vulnerable to the novel coronavirus pandemic. The government opposes his motion. Based on the following, the Court GRANTS the motion.

**BACKGROUND**

Oles pleaded guilty to four counts of armed bank robbery in 2011 and was sentenced to 197 months in prison. Prior to the 2011 robberies, Oles had no criminal history. Currently incarcerated at FCI Englewood, Oles has served approximately 70 percent of his sentence and has a projected release date of June 18, 2025. ECF No. 59-1 at 1. He filed a request for

1  Opinion and Order

compassionate release with the warden in August 2020, contracted and recovered from COVID-19 in November, and subsequently received one dose of the Moderna vaccine. ECF No. 63 at 30. Oles experienced an allergic reaction to the vaccine and, in accordance with the Centers for Disease Control and Prevention's (CDC) recommendation (*https://www.cdc.gov/coronavirus/2019-ncov/vaccines/recommendations/specific-groups/allergies.html*), chose not to receive the second dose.

## LEGAL STANDARD

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010). However, Congress has expressly authorized a district court to modify a defendant's sentence in three limited circumstances, including granting a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Although the compassionate release statute previously permitted sentence reductions only upon motion of the Director of the Bureau of Prisons (BOP), Congress expanded the statute in the First Step Act of 2018. Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (Dec. 21, 2018) (FSA). Now, a defendant may bring a motion for compassionate release, but only *after*: (1) petitioning the BOP to make such a motion on the defendant's behalf; *and* (2) either (a) exhausting all administrative appeals after the BOP denied the defendant's petition or (b) thirty days have elapsed after the warden of the defendant's facility received the defendant's petition, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

Pursuant to the FSA, a court may reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction; . . . and . . . such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. §

3582(c)(1)(A)(i). Congress did not define "extraordinary and compelling" other than providing that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t).

The "applicable policy statement by the Sentencing Commission" for sentence reductions was last amended before the FSA passed and is found in the Application Notes to United States Sentencing Guidelines (U.S.S.G.) § 1B1.13. Application Note 1 of the policy statement commentary defines extraordinary and compelling reasons justifying compassionate release. U.S. Sentencing Guidelines Manual § 1B1.13, cmt. n.1 (U.S. Sentencing Comm'n 2018). Application Note 4 directs courts to consider the sentencing factors found in 18 U.S.C. §3553(a) and determine whether the defendant is a danger to the safety of the community before granting compassionate release. *Id*. at cmt. n.4. Although applying only to motions filed by the BOP director and not those filed by a defendant, the policy statement "may inform a district court's discretion for §3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda,* 933 F.3d 797, 802 (9th Cir. 2021).

The Sentencing Commission's policy statement defines extraordinary and compelling circumstances to include among other factors the medical condition of the defendant, including a terminal illness, or any non-terminal illness "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sentencing Guidelines Manual § 1B1.13 *at* cmt. n.1(A).

While the COVID-19 global health crisis is an exceptional event, even so, compassionate release remains "rare" and "extraordinary," and courts routinely deny claims from inmates absent a showing of truly exceptional circumstances. *United States v. Hamman*, No. 3:16-cr-185-SI, 2020 WL 3047371, at *5 (D. Or. June 8, 2020); *United States v. Valdez,* No.3:19-cr-323-

IM-01, 2021 WL 325715, at *3 (D. Or. Feb. 1, 2021). The existence of COVID-19 cannot alone justify compassionate release. As the United States Court of Appeals for the Third Circuit explained:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, . . . [b]ut the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.

*United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

To demonstrate extraordinary and compelling reasons for compassionate release, defendants should show that they are particularly susceptible to serious illness or death if they contract COVID-19, usually as a result of one or more underlying comorbidities. *United States v. Singh*, No. 4:15-CR-00028-11, 2021 WL 928740, at *2 (M.D. Pa. Mar. 11, 2021). And '[c]hronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Ayon-Nunez*, No. 1:16-cr-130-DAD, 2020 WL 704785, at *2-3 (E.D. Cal. Feb 12, 2020); *United States v. Valdovinos*, No. 3:18-cr-497-SI-03, 2020 WL 7711363, at *2 (D. Or. Dec. 29, 2020).

Defendants bear the burden to establish both that they have satisfied the procedural requirements for judicial review and that compelling and extraordinary reasons exist to justify compassionate release. 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Oles contends that he suffers from multiple underlying health conditions that put him at risk for severe illness or death if he is reinfected with COVID-19. He asserts that his medical conditions (hypertension, hyperlipidemia, obesity, chronic kidney disease, and an anaphylactic response to a wasp sting) provide the reasons justifying release. In addition, Oles experienced an

allergic reaction (shortness of breath, full body rash, and a red, swollen face) directly after receiving one dose of the Moderna vaccine.  ECF No. 63 at 5.  In accordance with the CDC recommendation, Oles refused a second vaccine.  Because of Oles's reaction to the first dose of the COVID-19 vaccine and the CDC's recommendation that he forego a second dose, Oles remains at risk for reinfection.  While noting that Oles medical status is complicated, the government appears to concede that Oles has established extraordinary and compelling reasons justifying compassionate release.  Gov't Resp., ECF No. 64 at 3.  However, the government contends that Oles's motion should be denied because his crimes were extensive and violent, and he remains a danger to society.

Oles pleaded guilty to four bank robberies.  At the time of the bank robberies, Oles had no prior criminal history, but had a severe drug addiction.  Oles is now sober and has participated in a drug and alcohol treatment program while incarcerated.  ECF Nos. 59-4 at 1 and 59-2 at 2.  Oles also completed hundreds of hours of educational programming.  ECF No. 59-2 at 2.  He had one disciplinary infraction eight years ago.  *Id*. at 1.  He has a supportive family and a detailed release plan that includes transportation from prison, living arraignments with his brother, medical insurance, and job opportunities.  ECF No. 59-3.  Oles has served 10 years in prison and the BOP's PATTERN assessment puts him at low risk for recidivism.  ECF no. 59-2 at 3.

Based on Oles's medical conditions, inability to receive a second vaccine, and his progress toward rehabilitation, Oles's motion for compassionate release is GRANTED. An amended order shall be issued.  His sentence is reduced to time served, with five years of supervised release.  He shall quarantine for 14 days prior to release.  However, the Court does not agree that Oles should be released directly to the community.  While Oles has completed many educational courses while in prison, he has completed only one drug treatment class.  His

conditions of release shall be amended to include placement in a residential reentry center for one year following his quarantine and release from prison. Thereafter, Oles will be placed on home detention for one year. His conditions of release shall include requirements for substance abuse treatment and monitoring.

## **CONCLUSION**

For the reasons stated above, Oles's Motion for Compassionate Release (ECF No. 52) is GRANTED.

IT IS SO ORDERED.

Dated the 8th of June, 2021.

/s/ Robert E. Jones
Robert E. Jones
Senior United States District Judge